IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LISA A. WRAY                                                                                                    PLAINTIFF

vs.                                               Civil No. 4:13-cv-04021

CAROLYN W. COLVIN                                                                                       DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Lisa Wray ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a Disability Insurance Benefits ("DIB") and period of disability under Title II of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed an application for DIB on October 26, 2006.  (Tr. 337-339). Plaintiff alleged she was disabled due to kidney cancer, degenerative disc back and neck, and edema. (Tr. 382).  Plaintiff alleged an onset date of October 6, 2006, which amended to July 2, 2008.  (Tr. 22).  This application was denied initially and again upon reconsideration.  (Tr. 178-183). Thereafter, Plaintiff requested an administrative hearing on her application and this hearing request was granted.  (Tr. 184).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

Plaintiff's initial administrative hearing was held on October 27, 2008. (Tr. 38-69). Plaintiff was present at this hearing and was represented by counsel, Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Dr. Watts testified at this hearing. *Id.* As of the date of this hearing, Plaintiff was forty-nine (49) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 42). Plaintiff testified she finished the 21th grade and received a GED. (Tr. 43).

On January 29, 2009, the ALJ issued an unfavorable decision, which was remanded back to an ALJ by the Appeals Council. (Tr. 139-149, 150-153). Plaintiff had a second administrative hearing on May 17, 2011. (Tr. 70-99). Following this, on June 20, 2011, the ALJ issued an unfavorable decision, which was again remanded back to the ALJ by the Appeals Council. (Tr. 154-163, 169-173). Plaintiff had a third administrative hearing on March 22, 2012. (Tr. 100-136)

On May 4, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 22-29). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2010. (Tr. 24, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 2, 2008, her amended onset date. (Tr. 24, Finding 2).

The ALJ determined Plaintiff had severe impairments including carpal tunnel syndrome, status post renal cell carcinoma in remission, morbid obesity, sleep apnea, non-insulin dependent diabetes, and degenerative changes in the cervical and lumbar spine. (Tr. 25, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 25, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 25-28, Finding 5). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and

found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work with the ability to change positions every 30 minutes for one to two minutes, posturals limited to occasional, no climbing ropes, ladders, or scaffolds, and fine and gross manipulation limited frequently. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 28, Finding 6). The VE testified at the administrative hearing regarding Plaintiff's PRW. (Tr. 131-135). Based upon this testimony, the ALJ found Plaintiff capable of performing her PRW as a pharmacy technician and medical receptionist. (Tr. 28). Because Plaintiff retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability as defined in the Act from July 2, 2008 through the date of the decision. (Tr. 29, Finding 7).

On December 18, 2012, the Appeals Council granted Plaintiff's request to review the ALJ's decision based only on an incorrect finding as to Plaintiff's date last insured. (Tr. 174-177). The ALJ found Plaintiff's date last insured was December 31, 2010, but the record established Plaintiff's date last insured was December 31, 2011. (Tr. 175). Therefore, the ALJ did not address Plaintiff's disability status from January 1, 2011, through December 31, 2011. (Tr. 175). The Appeals Council issued an unfavorable decision dated February 5, 2013, adopting the ALJ's findings and rationale, but extending these findings to address the additional period in 2011 in light of the correct date last insured. (Tr. 1-8).

On February 19, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 26, 2013. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 10, 11. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

4

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**     **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record.  ECF No. 10.  Specifically, Plaintiff claims the following: (1) the ALJ improperly considered the Listings; (2) the ALJ erred in discounting the opinions of her treating physicians (3) the ALJ erred in his RFC determination; and (4) in failing to present a hypothetical to the VE.  *Id.*  In response, the Defendant argues the ALJ did not err in any of his findings.  ECF No. 11.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace.  *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'"  *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).

5

The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC.  *See Cox*, 160 F.3d at1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).  Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff had the RFC for light work, with the ability to change positions every 30 minutes for one to two minutes, posturals limited to occasional, no climbing ropes, ladders, or scaffolds, and fine and gross manipulation limited frequently.  (Tr. 25, Finding 5).  Plaintiff claims substantial evidence does not support the ALJ's RFC determination because the ALJ erred in his treatment of the opinions of her treating physician.  Defendant argues the ALJ and Appeals Council considered these opinions but properly disregarded them for being inconsistent with the evidence in the record.

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record."  *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)).  An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation.  *See Prosch*, 201 F.3d at1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p).  An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating

6

physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff's treating physician, Dr. Darren Ashbrook, prepared two RFC Evaluations. The first on May 13, 2011 and the second on January 14, 2013. (Tr. 1122-1125, 1499-1502). In Dr. Ashbrook's initial assessment, he was of the opinion Plaintiff could stand and walk 2 to 4 hours a work day; sit 4 to 6 hours a work day; alternate sitting and standing every 20 minutes; lift and carry up to 20 pounds occasionally; operate foot controls; but not able to do grasping, pushing, pulling, or fine manipulation. (Tr. 1122-1125). He also indicated Plaintiff was able to occasionally balance, but was limited to stooping, crouching, climbing, crawling, kneeling, and reaching above shoulder level to less then 1/3 a day. *Id.*

In Dr. Ashbrook's second assessment, he found Plaintiff could lift and carry 10 pounds occasionally and less than 10 pounds frequently; stand and walk less than 2 hours; sit 2 hours; required 15 to 20 minute breaks every two hours; could occasionally twist and climb stairs; could never stoop, crouch, kneel, crawl, or climb ladders; could never reach or push/pull; could occasionally handle, finger, and feel; and must avoid all exposure to extreme temperatures, fumes, and hazards. (Tr. 1499-1502). He stated Plaintiff was incapable of low stress and should use an assistive device for occasional standing and walking. *Id.*

In this matter, the ALJ made no mention of Dr. Ashbrook's initial evaluation of May 2011. Of course the second evaluation was prepared following his opinion. The Appeals Council, in their decision did mention the evaluations of Dr. Ashbrook, but found these opinions were only entitled to little weight. (Tr. 5-6). In making this finding, the Appeals Council only basis was that the opinions were inconsistent with each other and were inconsistent with the opinion of Dr. Sterling

Moore who testified at Plaintiff's hearing, but has never treated Plaintiff. *Id.* This was the Appeals Council's entire analysis.

The ALJ and Appeals Council had the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions. *See Brown v. Astrue,* 611 F.3d 941, 951-52. However, when it is determined that a treating physician's opinion should be discounted, "he should give good reasons for doing so." *Id.* (internal quotation and citation omitted). In this matter, The complete lack of analysis and review certainly does not amount to "good reasons" for discounting Dr. Ashbrook's findings. *See Brown,* 611 F.3d at 951-52.

Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the failure to properly analyze the opinions of Plaintiff's treating physician, Dr. Ashbrook. Because neither the ALJ nor the Appeals Council properly reviewed the opinions of Plaintiff's treating physicians, this case should be reversed and remanded for proper review and analysis of the opinions of Dr. Ashbrook.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 26th day of February 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE